J-S27044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN PROUT | : | |
| | : | |
| Appellant | : | No. 174 EDA 2021 |

Appeal from the PCRA Order Entered December 9, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0808073-2004

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 14, 2023**

Brian Prout ("Prout") appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant procedural history of the case, as follows:

> On July 21, 2005, [Prout] was found guilty following a jury trial of murder, robbery, kidnapping, conspiracy, and violations of the Uniform Firearms Act for his involvement in the death of Anthony Harris.  [Prout] was tried with co-conspirators Richard Brown, Christopher Smith, and Anthony Petty.  Vincent Smithwick, who cooperated with the Commonwealth, identified [Prout] as the person who shot the victim in the leg with an AK-47 assault rifle while kidnapping him and later assisted with disposing the victim's body after Smithwick fired the fatal shot [to the victim's head near the bank of the Schuylkill River].  Another cooperator, Hyneith Jacobs, identified [Prout] as a participant in the kidnapping and disposal of the victim's body.

_____

[1] **_See_** 42 Pa.C.S.A. 9541-9546.

[Prout] was sentenced on August 23, 2005[,] to life imprisonment by . . . the Honorable Renee Cardwell Hughes. [This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on December 2, 2009. *See Commonwealth v. Prout*, 974 A.2d 1189 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 985 A.2d 219 (Pa. 2009). Prout did not seek review in the United States Supreme Court.] [Prout timely] filed his first PCRA petition [in] 2010, [and his court-appointed counsel filed an amended petition] which was dismissed . . . [in] 2012. [Prout's] subsequent appeal of this dismissal was denied by the Superior Court . . . on January 9, 2013. [*See Commonwealth v. Prout*, 64 A.3d 272 (Pa. Super. 2013) (unpublished memorandum).] On August 27, 2013, the Supreme Court of Pennsylvania denied [Prout's] request for further review. [*See Commonwealth v. Prout*, 74 A.3d 126 (Pa. 2013).]

[Prout] filed [the instant] PCRA petition on October 11, 2017. [Prout] then retained current counsel, Todd M. Mosser, [Esq.,] who filed two amended petitions on January 3, 2020 and June 10, 2020, respectively. [Prout] conceded that [the instant] PCRA petition was untimely but claimed that it satisfied two exceptions to the timeliness requirements of the PCRA statute. The Commonwealth filed a motion to dismiss [Prout's] PCRA petition, disputing the timeliness of [Prout's] petition. On November 2, 2020, after reviewing the arguments of counsel, as well as [Prout's] PCRA petitions and the Commonwealth's motion to dismiss, this court filed a twenty-day notice to dismiss pursuant to Pa.R.[Crim].P. 907. On December 9, 2020, this court entered an order formally dismissing [Prout's] PCRA petition.

PCRA Court Opinion, 10/18/21, at 1-2 (footnotes and unnecessary capitalization omitted).[2]

Prout filed a timely notice of appeal and both he and the PCRA court complied with Pa.R.A.P. 1925.

---

[2] The PCRA court incorrectly stated that Prout did not seek review by the Supreme Court of Pennsylvania of this Court's affirmance of his judgment of sentence.

Prout raises the following issues for our review:

1. Did the PCRA court err by dismissing [Prout's] PCRA petition without a hearing where he adequately pleaded that **Brooks v. Gilmore**, CIVIL ACTION No. 15-5659, (E.D. PA. Aug. 11, 2017) requires a new trial in light of a patently defective reasonable doubt instruction?

2. Did the PCRA court err when it dismissed [Prout's] petition without an evidentiary hearing where material issues of fact exist relative to [Prout's] discovery that the police fabricated a photo array?

Prout's Brief at 2 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. Super. 2018) (internal citation and quotations omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, the Supreme Court of the United States, and or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's

timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Prout's judgment of sentence became final on March 2, 2010, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, and he declined to petition the United States Supreme Court for a writ of *certiorari*. **See** U.S.Sup.Ct.R. 13 (stating that an appellant must file petition for writ of *certiorari* with the United States Supreme Court within ninety days after entry of judgment by state court of last resort). Thus, Prout had until March 2, 2011 to file a timely PCRA petition. The instant petition, filed on October 11, 2017, was filed more than seven years after the judgment of sentence became final. Therefore, the instant petition is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1), which provides:

**(b) Time for filing petition**.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

Prout acknowledges that his petition is facially untimely under the PCRA and that, to invoke the PCRA court's jurisdiction, he was required to plead and prove a timeliness exception set forth in section 9545(b)(1). With respect to his first issue, Prout claims that he invoked the timeliness exception provided by section 9545(b)(1)(iii), which affords the PCRA court jurisdiction to consider an untimely petition where the petitioner has demonstrated that a new constitutional right has been recognized by either the Supreme Court of the United States or the Supreme Court of Pennsylvania, and the right has been expressly held by that court to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii); *see also Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (explaining that a PCRA petitioner must demonstrate that

the Supreme Court of the United States or the Supreme Court of Pennsylvania has already held the new constitutional right to be retroactive to cases on collateral review).

Prout contends that he satisfied this timeliness exception because a federal district court ruled in 2017 that a jury instruction provided by Judge Cardwell Hughes on the issue of reasonable doubt in another defendant's trial constituted structural error. **See Brooks v. Gilmore**, 2017 U.S. Dist. LEXIS 127703 (E.D. Pa. 2017). Prout asserts that, because Judge Hughes presided over his trial and used a "nearly identical" instruction when charging the jury in his case, he is entitled to a similar finding of structural error and the award of a new trial. Prout's Brief at 10.[3]

The PCRA court concluded that Prout failed to satisfy the timeliness exception provided by section 9545(b)(1)(iii) because **Brooks** is not a decision by either the Supreme Court of the United States or the Supreme Court of Pennsylvania, does not involve a newly recognized constitutional right, and has not been held to apply retroactively to Prout's case. **See** PCRA Court Opinion, 10/18/21, at 15.

---

[3] Prout framed his first issue as whether the PCRA court erred by dismissing his petition without first conducting an evidentiary hearing. However, in the argument section of his brief, Prout does not seek remand for an evidentiary hearing. Instead, he claims that he is entitled to the grant of a new trial. Given our disposition of this issue, we need not address this inconsistency.

We discern no abuse of discretion or error by the PCRA court in determining that Prout failed to plead and prove the timeliness exception provided by section 9545(b)(1)(iii). The **Brooks** decision does not meet the requirements specified in the newly recognized constitutional right exception to the PCRA's time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii); **see also Commonwealth v. Brandon**, 51 A.3d 231, 235-36 (Pa. Super. 2012) (holding that the new constitutional right must have been recognized in a decision of either the Supreme Court of the United States or the Supreme Court of Pennsylvania); **Commonwealth v. Giffin**, 595 A.2d 101, 107 (Pa. Super. 1991) (holding that the decisions of a federal district court are not binding on this Court). Accordingly, Prout's first issue merits no relief.

In his second issue, Prout contends that he satisfied the timeliness exception set forth in section 9545(b)(1)(ii), which provides the PCRA court with jurisdiction to consider an untimely petition where the petitioner alleges and proves that the facts on which his claim is predicated were unknown to him and that he could not have ascertained those facts by the exercise of due diligence. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007). The timeliness exception set forth at section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. **Bennett**, 930 A.2d at 1270. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." **Id**. Rather, as an

- 7 -

initial jurisdictional threshold, section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts.  **See** 42 Pa.C.S.A. § 9545(b)(1)(ii); **see also Bennett**, 930 A.2d at 1270.  If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.  **Bennett**, 930 A.2d at 1272.  The "new facts" exception at section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim.  **Id**. at 1271.

Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim pursuant to section 9543(a)(2)(vi).  Pursuant to section 9543(a)(2)(vi), a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from the unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of trial if it had been introduced.  **See** 42 Pa.C.S.A. § 9543(a)(2)(vi); **see also Commonwealth v. D'Amato**, 856 A.2d 806, 823 (Pa. 2004) (holding that, to obtain relief based upon section 9543(a)(2)(vi), a petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict).

Prout argues that in April 2003, during a different homicide investigation, a minor witness ("J.H.") purportedly identified co-defendant Brown as one of the men who perpetrated an unrelated robbery and double murder. Prout contends that, based on J.H.'s statement and photo identification of Brown, police secured a warrant to search for Brown in an apartment in the Lincoln Green Apartment Complex. Prout explains that he and another individual were in the apartment when the warrant was executed, and that they were both arrested due to outstanding warrants for their arrest. Prout indicates that, when searching the apartment for Brown, police found two handguns, a magazine clip for a .45 handgun, and two bulletproof vests. According to Prout, the ballistics from one of the handguns matched the ballistics from the location where Harris was fatally shot by Smithwick.

Prout asserts that, on August 5, 2019, Brown discovered that in securing the warrant to search the apartment, police allegedly used a photograph of Brown taken in May 2003 to support the purported identification of Brown in the photo array presented to J.H. one month earlier, in April 2003. Prout argues that the alleged fabrication of the photo array was unknown to him, and that it was impossible for him to discover the alleged fabrication before August 5, 2019. Prout maintains that the question of whether he acted with due diligence in discovering the purportedly fabricated photo array presents a question of material fact for which an evidentiary hearing was required. Prout additionally contends the fabricated photo array constitutes after-discovered

evidence, and that he is entitled to a new trial because the evidence obtained during the execution of the warrant should have been suppressed because of the allegedly fabricated photo array.

The PCRA court considered Prout's second issue and determined that Prout failed to satisfy the timelines exception at section 9545(b)(1)(ii) because he failed to act with due diligence in discovering the allegedly fabricated photo array. The court reasoned that, because Brown filed a motion to suppress the identification in 2007, "Brown would have recognized that the photo array was backdated and therefore fabricated at that time." PCRA Court Opinion, 10/18/21, at 6. The court further reasoned that "[Prout] could thus have learned of the fabricated array at any point after Brown's suppression hearing in 2007 with the exercise of due diligence." *Id*. The PCRA court additionally concluded that, even if timely, Prout's second issue merited no relief because: (1) Prout was found to have used an AK-47 assault rifle when he shot the victim in the leg, and not with a handgun, such as those recovered from the apartment; (2) Prout failed to raise any material issue of fact as to whether the photo array was fabricated, noting that Brown failed to offer any proof in his own PCRA petition that the photo in question was not taken until May of 2003; and (3) given the other evidence in the case, Prout could not establish that the suppression of the handguns would have compelled a different

verdict. *Id*. at 6-7. We agree with the court's determination that no relief is due, albeit for a different reason than those advanced by the PCRA court.[4]

Even assuming that Prout could satisfy the timeliness exception set forth at section 9545(b)(1)(ii) such that the PCRA court had jurisdiction to consider his second issue,[5] Prout could not have presented a substantive after-discovered evidence claim pursuant to section 9543(a)(2)(vi) because he cannot establish that the purportedly after-discovered evidence would have changed the outcome of trial if it had been available.

In connection with his first PCRA petition, Prout claimed that his trial counsel was ineffective for failing to file a motion to suppress the evidence found in the apartment. *See* Amended PCRA Petition, 2/3/11, at 33-38. In affirming the denial of Prout's first PCRA petition, this Court concluded that counsel was not ineffective for failing to file a motion to suppress because

_____

[4]This Court may affirm the PCRA court's ruling on any basis if the record supports it. *See Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

[5] On the record before us, it is unclear as to the specific nature of Brown's suppression challenge and whether he could have ascertained any alleged fabrication of the photo array in 2007 while litigating his suppression motion. Moreover, there is nothing in the record before us to indicate that Prout could have discovered the purportedly fabricated photo array prior to Brown's assertion of such fabrication in August 2019. Notably, Prout amended his PCRA petition on June 10, 2020, to assert this claim, which is within the one-year period required by section 9545(b)(2). Thus, we are not entirely convinced that Prout failed to satisfy the timeliness exception set forth at section 9545(b)(1)(ii).

- 11 -

Prout could not establish that he had any privacy interest in the apartment.

This Court explained:

> In its opinion, the PCRA court explained that the trial transcript showed the apartment was leased to an individual named Kevin Balow or Balou. The court also determined that, based on the trial evidence, some type of bill associated with the residence was in the name of William Meeks. The court went on to find that nothing in [Prout's] PCRA pleadings reflected any facts suggesting [Prout] had a privacy interest in the apartment.
>
> After concluding that neither the evidentiary record nor [Prout's] pleadings suggested he had a privacy interest in the apartment, the court reasoned there would not have been any merit to any suppression efforts that could have been made on [Prout's] behalf. As such, the court determined [Prout] could not prevail on his PCRA claim that counsel should have filed a suppression motion.
>
> A defendant seeking suppression of evidence has the preliminary burden of demonstrating a privacy interest in the place searched. ***Commonwealth v. Benson***, . . . 10 A.3d 1268, 1272 (Pa. Super. 2010). Indeed, the determination of whether the defendant has a privacy interest is part of the merits analysis of a suppression motion and, absent such an interest, the defendant is simply not entitled to suppression. ***Id***.
>
> In his brief to us, [Prout] correctly acknowledges that a defendant cannot secure the suppression of evidence without having a privacy interest in the place searched. [Prout] then goes on to state baldly that he "had permission to use the apartment in question and showed sufficient connection to the property to afford him a reasonable expectation of privacy." [Prout's] Brief at 27.
>
> One deficiency in [Prout's] aforesaid statement is that he does not explicate it in any way. He does not tell us who supposedly gave him permission and he does not explain the type or extent of use that he was allegedly allowed to make of the apartment. Accordingly, his undeveloped assertion affords us no basis on which to conclude that, at any further proceedings (*i.e.*, a PCRA hearing), he could demonstrate he had a legitimate

privacy interest which would have allowed him to seek suppression of evidence seized from the apartment.

Another problem with [Prout's] statement regarding his supposed permission to use the apartment and his claim [that] he had a privacy interest therein is that he does not cite any part of his PCRA pleadings or any other part of the certified record which even suggests to us that there exists any issue of material fact on the question of whether he might have had an expectation of privacy in the apartment. That is, while he claims to have had some kind of permission to use the apartment, he cites neither a proffer of testimony made in his PCRA petition nor facts already of record (*e.g.*, trial testimony) that would tend to substantiate his claim.

Having given us no cause to believe he would be able to prove, at a PCRA hearing and/or at a suppression hearing, that he had some privacy interest in the apartment, [Prout] has likewise given us no reason to find error in the PCRA court's conclusion that a suppression issue would have necessarily lacked merit. Because the underlying suppression issue would have lacked merit, [Prout] cannot show that his trial counsel was ineffective for not filing such a motion. We therefore will not disturb the court's order denying PCRA relief.

**Prout**, 64 A.3d 272 (unpublished memorandum at **3-6); *appeal denied*, 74 A.3d 126 (Pa. 2013).

Using the same logic employed by this Court in affirming the denial of Prout's first PCRA petition, Prout is not entitled to relief on his second issue. In order to prevail on a motion to suppress, "the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched." **Commonwealth v. Burton**, 973 A.2d 428, 434-35 (Pa. Super. 2009) (*en banc*). Moreover:

A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy. Standing requires a defendant to

- 13 -

demonstrate one of the following: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized.

*Id*. at 435 (citations omitted).

Here, regardless of whether Prout satisfied the "new fact" exception at section 9545(b)(1)(ii), he is not entitled to relief on a substantive after-discovered evidence claim pursuant to section 9543(a)(2)(vi) because the discovery of the allegedly fabricated photo array at an earlier point in time would not have changed the outcome of Prout's trial due to the fact that he lacked standing to file a motion to suppress the evidence found in the apartment. *See Prout*, 64 A.3d 272 (unpublished memorandum at **3-6); *appeal denied*, 74 A.3d 126 (Pa. 2013). In other words, the fact that Prout has discovered a new basis on which a suppression motion might have been filed does not alter the fact that he lacked standing to seek suppression of the evidence found in the apartment. Thus, as Prout cannot establish that the outcome of his trial would have been different had the alleged after-discovered evidence been available, he is not entitled to relief on his second issue.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/2023